1
2
3
4                           UNITED STATES DISTRICT COURT
5                          NORTHERN DISTRICT OF CALIFORNIA
6
7    ANTONIO HUGGINS,                        Case No.  17-cv-06872-JSC
8                    Plaintiff,
9            v.                              **DISMISSAL ORDER**
10   CITY AND COUNTY OF SAN                  Re: Dkt. No. 50
     FRANCISCO,
11                  Defendant.
12
13          On May 5, 2021, pursuant to stipulation by the parties, the Court scheduled a Case

14   Management Conference for July 22, 2021.[1] (Dkt. No. 44.) Under the standing order of this Court,

15   the parties were directed to file a joint case management statement one week in advance of the

16   Case Management Conference. On May 11, 2021, Plaintiff's counsel moved to withdraw from the

17   case, noting that Plaintiff gave knowing and free assent to counsel's withdrawal. (Dkt. No. 45.)

18   The Court granted the motion. (Dkt. No. 46.) In advance of the Case Management Conference,

19   Defendant filed a unilateral case management statement. (Dkt. Nos. 47, 48.) Defendant attempted

20   to contact Plaintiff as well as Plaintiff's former counsel, but Plaintiff did not cooperate with

21   Defendant to produce a joint case management statement, nor did he file a unilateral statement of

22   his own. (Dkt. No. 48 at 1.) Thereafter, Plaintiff failed to appear for the Case Management

23   Conference on July 22, 2021.  The Court thus issued an Order to Show Cause as to why this action

24   should not be dismissed for failure to prosecute.  (Dkt. No. 50.)  The Order to Show Cause was

25   mailed and emailed to Plaintiff.  To date, Plaintiff has failed to respond to the Order to Show

26   Cause and the deadline to do so has passed.  Accordingly, for the reasons set forth below this

27

28   [1] All parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. §
     636(c). (Dkt. Nos. 7, 16.)

United States District Court
Northern District of California

United States District Court
Northern District of California

1    action is dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b).

2    Pursuant to Federal Rule of Civil Procedure 41(b), the court may dismiss an action for

3    failure to prosecute or to comply with a court order. *See Hells Canyon Preservation Council v.*

4    *U.S. Forest Serv*., 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that a court may sua sponte

5    dismiss an action pursuant to Rule 41(b)). "A Rule 41(b) dismissal must be supported by a

6    showing of unreasonable delay." *Omstead v. Dell, Inc*., 594 F.3d 1081, 1084 (9th Cir. 2010)

7    (internal citation and quotation marks omitted). In determining whether a Rule 41(b) dismissal is

8    appropriate, the court must weigh the following factors: "(1) the public's interest in expeditious

9    resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the

10   defendants; (4) the public policy favoring disposition of cases on their merits and (5) the

11   availability of less drastic sanctions." *Id*. (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th

12   Cir. 1986)). Dismissal is appropriate "where at least four factors support dismissal ... or where at

13   least three factors strongly support dismissal." *Hernandez v. City of El Monte*, 138 F.3d 393, 399

14   (9th Cir. 1998) (internal citation and quotation marks omitted).

15   Here, four of the five *Henderson* factors weigh in favor of dismissal. "The first two

16   factors—the public interest in expeditious resolution of litigation and the Court's need to manage

17   its docket—relate to the "efficient administration of judicial business for the benefit of all litigants

18   with cases pending." *Nealey v. Transportacion Maritima Mexicana, S.A*., 662 F.2d 1275, 1279

19   (9th Cir. 1980). By failing to respond to the Court's Order, failing to communicate with defense

20   counsel, and failing to appear at the Case Management Conference Plaintiff has delayed

21   adjudication of this action. Non-compliance with procedural rules and the Court's orders wastes

22   "valuable time that [the Court] could have devoted to other ... criminal and civil cases on its

23   docket." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

24   As for the third factor, while "the pendency of the lawsuit is not sufficiently prejudicial

25   itself to warrant dismissal," the delay caused by Plaintiff's failure to prosecute this action despite

26   the Court's order weighs in favor of dismissal. *Yourish v. California Amplifier*, 191 F.3d 983, 991

27   (9th Cir. 1999).

28   The fourth factor is the availability of less drastic sanctions. The Court already cautioned

2

1   Plaintiff that failure to respond would result in dismissal of this action. (Dkt. No. 50.) Thus, the

2   Court has fulfilled its "obligation to warn the plaintiff that dismissal is imminent." *Oliva v.*

3   *Sullivan*, 958 F.2d 272, 274 (9th Cir. 1992); *see also Ferdick*, 963 F.2d at 1262 ("A district court's

4   warning to a party that failure to obey the court's order will result in dismissal can satisfy the

5   'consideration of [less drastic sanctions] requirement."). The fourth factor thus weighs in favor of

6   dismissal.

7          The last factor, which favors disposition on the merits, by definition weighs against

8   dismissal. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002) ("Public policy favors

9   disposition of cases on the merits. Thus, this factor weighs against dismissal.").

10         In sum, four of the five relevant factors weigh strongly in favor of dismissing this action in

11  its entirety. *See Pagtalunan*, 291 F.3d at 643 (affirming dismissal where three factors favored

12  dismissal, while two factors weighed against dismissal). The Court therefore DISMISSES this

13  action without prejudice.

14         The Clerk shall close the case.

15

16         **IT IS SO ORDERED.**

17  Dated: August 24, 2021

18

19                                                    Jacqueline Scott Corley
20                                                    _____
                                                      JACQUELINE SCOTT CORLEY
21                                                    United States Magistrate Judge

22

23

24

25

26

27

28

United States District Court
Northern District of California

3